JOHN P. COOLEY, Senior Deputy (SBN 162955)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531- 4892; Fax: (619) 531-6005
E-mail: john.cooley@sdcounty.ca.gov

Attorneys for COUNTY OF SAN DIEGO (erroneously sued under the additional name "Board of Supervisors of the County of San Diego")

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO, BOARD OF SUPERVISORS OF THE COUNTY OF SAN DIEGO, and DOES 1 through 20 inclusive,<br><br>　　　　Defendants. | No. 21-cv-0912-L-DEB<br><br>OBJECTION OF THE COUNTY OF SAN DIEGO TO THE TIMING OF PLAINTIFF'S EX PARTE APPLICATION TO SHORTEN TIME AND FOR A TEMPORARY RESTRAINING ORDER<br><br>Judge:　　　　M. James Lorenz<br>Dept.:　　　　5B<br>Magistrate Judge:　Daniel E. Butcher<br><br>Action Filed: May 13, 2021 |

The County of San Diego (erroneously sued under the additional name "Board of Supervisors of the County of San Diego") objects to the timing of Plaintiff's ex parte application for an order shortening time and temporary restraining order.[1] Plaintiff's application seeks (1) an order shortening time on a motion served four days ago, and (2) a temporary restraining order ("TRO") to enjoin an ordinance from becoming effective on June 3. That ordinance was first read to the public on April 6, and Plaintiff had no reason to wait until May 27 to file its motion.

---

[1] This Objection should not be interpreted as a waiver of the County's right to oppose the TRO application on its merits.

The requested briefing schedule will prejudice the County's ability to defend itself – it would be patently inequitable for Plaintiff to take 51 days to assess its case and prepare its motion, while providing the County only 2 business days to respond. Plaintiff's proposed timeline will prevent the County from presenting this Court with full briefing, authority, and evidence. In the interests of justice, the application should be denied.

## BACKGROUND

This action involves a County Ordinance prohibiting certain rental evictions to protect the health and welfare of tenants during the COVID-19 pandemic. Plaintiff represents an association of landlords that seeks to enjoin the Ordinance from becoming effective. Plaintiff's case involves complicated issues of Constitutional law.

## COUNTY'S OBJECTION - PLAINTIFF'S EX PARTE APPLICATION IS TOO LATE

As Plaintiff's Complaint admits, the County's first public reading of the Ordinance at issue occurred at a public meeting of the Board of Supervisors on April 6, 2021. (ECF 1, ¶ 36.) The ordinance was enacted 28 days later at a May 4 public meeting of the Board of Supervisors. (ECF 1, ¶ 1.) Plaintiff waited nine more days to file its complaint, and an additional day to serve the County.

Despite the fact that Plaintiff knew the ordinance would become effective on June 3 (see ECF 1, ¶ 26), Plaintiff did not seek an immediate ex parte TRO. Instead, Plaintiff waited until the night of May 24 to serve the County with a regularly noticed motion for preliminary injunction scheduled for hearing on June 21. Plaintiff's motion was not accompanied by an ex parte motion to shorten time.

The significant dates in this action are as follows:

///
///
///
///

| | | |
|---|---|---|
| Tues., April 6 | Ordinance's first reading at a public meeting | |
| Tues., May 4 | Ordinance is enacted. | |
| Mon., May 24 | Plaintiff files its motion for a preliminary injunction. | |
| Thurs., May 27 | Plaintiff files its ex parte application seeking a TRO before June 3 and an order shortening time on the preliminary injunction motion. | |
| Thurs., June 3 | The Ordinance becomes effective. | |
| Fri., June 4 | County's response to the 58-paragraph Complaint is due. | |
| Mon., June 7 | County's opposition to the preliminary injunction motion is due. | |
| Mon. June 21 | The date scheduled for the court hearing on the motion. | |

Plaintiff simply waited too long to apply for a TRO. After today, there are only two court-days before the Ordinance becomes effective. Even if one were to ignore the upcoming three-day Memorial Day weekend, and that the County's response to the complaint is due in seven days, and that the County's opposition to the motion for a preliminary injunction is due in nine days, there is simply not enough time for the County to oppose a 25-page ex parte motion for a TRO, to supply this Court with all relevant authority, and have this Court decide the same by Tuesday, June 2 – the day before the Ordinance becomes effective on June 3.[2]

There is an additional factor complicating Plaintiff's request. The County has been informed that the Alliance of Californians for Community Empowerment – an organization dedicated to tenant protection and housing justice - intends to file a motion today to intervene in this action as a defendant. This organization's argument against the injunction should be heard before a ruling is made.

///

///

---

[2] Plaintiff's request for the County to stipulate to a TRO prior to June 3 is not reasonably feasible. Only the Board of Supervisors could agree to a TRO, and they could only do so at a meeting properly noticed in compliance with the California Brown Act. There is simply not enough time to accomplish that before June 3. Nor would the Board of Supervisors want to do so. They enacted the Ordinance with the goal of protecting the health and safety of tenants in the County during COVID-19. Agreeing to a TRO staying the effective date of the Ordinance would be contrary to that legislative goal.

## CONCLUSION

The County requests that Plaintiff's' ex parte application for a TRO be summarily denied because there is simply not enough time to oppose, and have this Court consider and decide, the constitutional legal issues before June 2.

Further, the County requests that Plaintiff's ex parte application for an order shortening time be denied. If however, the Court is inclined to shorten time, the County requests that (1) its Opposition be due one week from today – June 4; and (2) the Court continue the date for the County to respond to the Complaint by seven days until June 11.

DATED: May 28, 2021   Office of County Counsel

By   s/John P. Cooley
JOHN P. COOLEY, Senior Deputy
Attorneys for COUNTY OF SAN DIEGO
E-mail: john.cooley@sdcounty.ca.gov