PAUL J. BEARD II (State Bar No. 210563)
FISHERBROYLES LLP
4470 W. Sunset Blvd., Suite 93165
Los Angeles, CA 90027
Telephone: (818) 216-3988
Facsimile: (213) 402-5034
E-mail: paul.beard@fisherbroyles.com

Attorneys for Plaintiff
SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>COUNTY OF SAN DIEGO, BOARD OF SUPERVISORS OF THE COUNTY OF SAN DIEGO, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 3:21-cv-00912-L-DEB<br><br>Judge:　　Judge M. James Lorenz<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO *EX PARTE* APPLICATION FOR (1) ORDER SHORTENING TIME TO BRIEF AND HEAR MOTION FOR PRELIMINARY INJUNCTION AND (2) TEMPORARY RESTRAINING ORDER**<br><br>Complaint Filed:　May 13, 2021<br>Trial Date:　　　None set |

Plaintiff Southern California Rental Housing Association respectfully responds to the "Objection" of Defendants ("County") to Plaintiff's *Ex Parte* Application.

**I.  Temporary Restraining Order**

In its "Objection," the County does not oppose a TRO *on the merits*, with arguments or evidence. This, despite the fact that Plaintiff has known since Monday, May 24, that Plaintiff required a temporary stay of the offending eviction moratorium pending resolution of its motion for preliminary injunction. That day, at approximately 5:32 p.m., Plaintiff asked the County to stipulate to a temporary stay of the moratorium. Declaration of Paul Beard II in Support of Plaintiff's Ex Parte Application ("Beard Decl."), ¶ 9. The County did not respond for two days. *Id.* Late Wednesday, May 26, the County finally responded, saying it would not stipulate to a TRO. *Id.*, ¶ 10.

Yet, as the County now admits, the County has known since Monday that it would not stipulate to a TRO, requiring Plaintiff to apply *ex parte* for such an order. Objection of the County of San Diego ("County Objection") at 3 n.2 (revealing that it was logistically impossible for the County to stipulate to a TRO before June 3). In other words, the County has had since Monday to prepare a substantive opposition to Plaintiff's inevitable TRO application. Yet, as of the writing of this brief—four business days later—the County has failed to do so.

Perhaps that is not surprising, since the County has no compelling reason to substantively oppose a TRO. That's because the County itself delayed passage of the Ordinance by almost **60 days**. Given its own actions, the County is hard pressed to argue that an additional 18 days' delay—by way of a TRO—is somehow unreasonable or prejudicial.

As the County admits in its Objection, the County's Board of Supervisors first considered a version of the Ordinance on April 6. County Objection at 1:25-26. At that time, the Ordinance was proposed as an "urgency" measure that, if enacted, would have taken effect immediately on April 6. Plaintiff's Request for Judicial in Support of Ex Parte Application ("RJN"), Exh. C-10. Instead, the Board voted to strip the Ordinance of its "urgency" character and consider it as a non-urgency measure. *Id.*, Exh. D-3. That

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO EX PARTE APPLICATION

meant the Ordinance would be debated and voted on at a second meeting on May 4. *Id.*, Exh. D-2. It also meant that the Ordinance, if passed on May 4, would not become effective for 30 days, until June 3. *Id.*, Exh. A-10.

Thus, the Board itself voted to delay the effective date of the moratorium by **58 days**—from April 6 to June 3. The County cannot now claim that a delay of 18 more days is unduly prejudicial or otherwise unreasonable.

Plaintiff has carried its burden of establishing grounds for a TRO. The County's Objection does not oppose a TRO on its merits. Thus, the Court should grant a TRO through to disposition of the motion for preliminary injunction, currently set for hearing on June 21. If the Court does so, it need not shorten time for briefing and hearing of the preliminary injunction motion, which appears to be the primary concern raised in the County's Objection.

## II. Order Shortening Time

If the Court prefers to issue a TRO of 14 days or less, then in the interest of minimizing the irreparable harm to rental housing owners, Plaintiff respectfully requests an order shortening the time for briefing and hearing of the preliminary injunction motion.

In their "meet and confer," the County expressed a willingness to shorten the time for hearing on the preliminary injunction motion by no more than one week (from June 21 to June 14). Beard Decl., ¶ 10. The County's Objection does not deny this. Therefore, Plaintiff suggests advancing the preliminary injunction hearing to at least June 17, if the Court's calendar so permits.[1] That would facilitate issuance of a 14-day TRO temporarily staying enforcement of the Ordinance from June 3 to June 17.

---

[1] June 15 or 16 would also be appropriate if the Court's calendar allows. As noted in Plaintiff' *Ex Parte* Application (at 7 n.1), Plaintiff's counsel has an appellate argument the morning of June 14. Therefore, Plaintiff respectfully requests that, if the Court advances the hearing date on the preliminary injunction motion, it be set for a date and time other than the morning of June 14.

3
PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO EX PARTE APPLICATION

With respect to a shortened briefing schedule, the County suggests a due date of June 4 for its opposition brief. County Objection at 4:6-7. Plaintiff suggests the following alternative schedule:

- County's Opposition Brief: due June 3
- Plaintiff's Reply Brief: due June 10

Assuming an advanced hearing date of June 17, Plaintiff's proposed schedule would allow briefing to be completed one week prior to the hearing.

### III. The County's Other Objections Lack Merit

The County raises a number of points that require correction.

First, as to Plaintiff's request for an order shortening time, the County attacks a straw man. Contrary to the County's claim, Plaintiff does not request an order shortening time so that the hearing on its preliminary injunction motion is decided *before June 3*. Rather, as noted above and in its application Plaintiff requests (1) an order shortening of the time to brief and hear the motion so that it is heard and decided *no later than June 17*, and (2) a short TRO in the interim to stay enforcement of the challenged Ordinance between June 3 and resolution of said motion. The County's concern that it will have "only 2 business days to respond" to the motion is unfounded.

Second, the County suggests Plaintiff has somehow delayed in filing its complaint and bringing its motion for preliminary injunction. It emphasizes that the ordinance was "first read on April 6," but Plaintiff filed its complaint on May 13 and its preliminary injunction motion on May 24. Objection 1-2. The County mischaracterizes the chronology of events.

As described above, the County's Board of Supervisors considered an "urgency" version of the Ordinance on April 6. Given the sharp divide between supporters and opponents of the Ordinance, the measure did not pass as an "urgency" ordinance. RJN, Exh. D-2-3. Instead, a deeply divided Board chose to strip the Ordinance of all its "urgency" findings and simply to "introduce" the measure as a nonurgency ordinance. *Id.* Nothing passed that day, and the Ordinance would have to await a second reading on May 4 for a final vote to occur. *Id.*, Exh. D-3. Given the divisions over the Ordinance

that the Board displayed, no one knew for sure whether or what precisely the Board would enact on May 4. Importantly, it would have been unreasonable for Plaintiff to expend significant resources to prepare a complaint and preliminary injunction motion against an ordinance that had not yet passed.

Come May 4, the Board narrowly passed the Ordinance by a vote of 3-2, following substantial, four-hour testimony by members of the public. Declaration of Molly Kirkland in Support of Motion for Preliminary Injunction, ¶ 5. Given the heated public debate over the Ordinance, which favored rental housing owners by a wide margin (*id.*, ¶ 4), as well as the stark division on the Board of Supervisors, no one could have predicted with certainty whether and in what form the Ordinance would pass. Following the May 4 meeting, Plaintiff promptly prepared and filed its Complaint nine (9) days later, on Thursday, May 13. Beard Decl., ¶ 6. It also began work on its preliminary injunction papers, which were ready for filing the following Friday. *Id.* However, because of a series of recusals and reassignments, preventing Plaintiff from obtaining a hearing date and time, Plaintiff could not file its motion until May 24. *Id*. ¶¶ 7-8.

It is clear, based on the chronology of events, that Plaintiff has acted diligently and without delay in challenging the Ordinance's eviction moratorium, and seeking temporary and preliminary relief.

Finally, the County claims that the relief Plaintiff seeks is "complicat[ed]" by the possible intervention of a third party who will assist the County in defending its law. As of the writing of this brief, near the close of business on Friday, May 28, no motion for intervention by anyone has been filed. In any event, the possibility that a third party may seek to intervene in this case does not excuse the County's failure to respond substantively to Plaintiff's request for a TRO. Nor does the possibility of a third party's attempt to intervene justify prejudicing Plaintiff in its diligent efforts to obtain the same.

/ / /

/ / /

## IV. Conclusion

For the foregoing reasons, the Court should issue an order shortening time as suggested above. Further, the Court should issue a TRO to preserve the *status quo* pending resolution of that motion.

DATED: May 28, 2021      /s/ Paul Beard II

---
PAUL BEARD II
Attorney for Plaintiff SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION