JOANNE L. FRANCISCUS (CA Bar No. 234831)
JoanneF@lassd.org
Gilberto Vera (CA Bar No. 296817)
GilbertoV@lassd.org
LEGAL AID SOCIETY OF SAN DIEGO, INC.
110 S. Euclid Avenue
San Diego, California 92114
Telephone: (877) 534-2524 x2663
Facsimile: (619) 263-5697

NISHA N. VYAS (CA Bar No. 228922)
nvyas@wclp.org
LORRAINE LÓPEZ (CA Bar No. 273612) (S.D. Cal. admission pending)
RICHARD ROTHSCHILD (CA Bar No. 67356)
rrothschild@wclp.org
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Blvd. #208
Los Angeles, California 90010
Telephone: (213) 487-7211
Facsimile: (213) 487-0242

Attorneys for Proposed Intervenor-Defendant,
ALLIANCE OF CALIFORNIANS FOR COMMUNITY EMPOWERMENT ACTION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION,<br><br>v.<br><br>Plaintiff<br><br>COUNTY OF SAN DIEGO, BOARD OF SUPERVISORS OF THE COUNTY OF SAN DIEGO, and DOES 1 through 20, inclusive,<br><br>Defendants | Case No. 3:21-cv-00912-L-DEB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO INTERVENE AS DEFENDANTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Date: June 28, 2021, 10:00 AM**<br>**Courtroom: 5B**<br>**Judge: Hon. M. James Lorenz**<br><br>**No Oral Argument Pursuant to Local Rules** |

## I. **INTRODUCTION**

The Alliance of Californians for Community Empowerment Action ("ACCE" or "Proposed Intervenor") is a membership organization comprised of San Diego County's most vulnerable tenants whose housing and health are endangered by Plaintiff's attempt to eliminate the COVID-19 emergency eviction ordinance recently enacted by the County of San Diego. ACCE is dedicated to housing justice and tenants' rights in San Diego. ACCE works to help families stay in their homes, preserve affordable housing, and advance equitable housing practices. ACCE seeks to intervene in this matter to defend Ordinance 10724 ("Ordinance"), which is critical to protect its members and other San Diego tenants directly impacted by COVID-19 from being forcibly displaced from their homes amidst the ongoing public health, housing, and economic crisis. None of the parties in this action—neither Plaintiff nor Defendants—oppose this motion.

The Court should grant ACCE's unopposed motion to intervene because ACCE is an essential participant in this action and is well-situated to defend the legality of the Ordinance. ACCE represents an interest distinct from, and is differently situated than, the County Defendants. ACCE's members— primarily Latine[1] and Black individuals and families at the lowest income levels—are the parties who face imminent loss of their homes and potentially devastating health consequences if Plaintiff's effort to enjoin the Ordinance is successful. As a membership organization representing thousands of tenants, ACCE has a unique ability to provide the Court with critical facts and evidence to which both Plaintiff and Defendants lack access, including the impact of the Ordinance on tenants and the imminent harm tenants face if the Ordinance is enjoined. ACCE has timely moved to intervene, less than one month after Plaintiff filed this action and

---

[1] This brief uses the gender-neutral term "Latine" interchangeably with the terms "Latino" and "Hispanic."

immediately after Plaintiff filed a request for a temporary restraining order enjoining the Ordinance. The Court should grant Proposed Intervenors' motion under the standard for intervention of right or, in the alternative, permissive intervention.

## II. FACTS

San Diego County enacted Ordinance 10724 on May 4, 2021. The Ordinance is intended to protect vulnerable tenants in the County who may be impacted by COVID-19 and the associated economic fallout. Plaintiff Southern California Rental Housing Association (SCRHA) filed this lawsuit challenging the legality of the Ordinance on May 13, 2021. ECF No. 1. On May 24, 2021, Plaintiff filed a motion for preliminary injunction, with a hearing date of June 21, 2021 (ECF No. 7), and yesterday, on May 27, 2021, filed an application for a temporary restraining order enjoining implementation of the Ordinance (ECF No. 8).

Alliance of Californians for Community Empowerment ("ACCE") Action is a 501(c)(4) statewide multi-racial, grassroots membership organization dedicated to raising the voices of everyday Californians to fight and stand for economic, racial, and social justice. Martinez Decl. at ¶ 2. ACCE's campaigns center around housing justice, worker justice, and sustainable communities, and their members engage in rallies, town halls, and other actions to make their voices heard. *Id.* The organization's housing justice work focuses on helping families stay in their homes, preserving affordable housing, and pushing for equitable housing practices across California, including in San Diego. *Id.* Statewide, ACCE has over 16,000 dues-paying members, and about 1,500 of those members live in the San Diego County area. *Id.* at ¶ 3. ACCE organizes citywide, but predominantly in low-income and very low-income communities of color. *Id.* Their membership is predominately Black and Brown, including a significant number of undocumented Californians. *Id.*

3
MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION TO INTERVENE
CASE NO. 21-CV-0912-L-DEB

## III. ARGUMENT

The Court should grant ACCE's unopposed motion to intervene in this action for the purpose of defending the legality of the Ordinance and securing the ongoing shelter, health, and safety of tenants impacted by COVID-19. In *Apartment Association of Los Angeles County v. City of Los Angeles*, 2020 WL 4501792, at *1 (C.D. Cal. Aug. 5, 2020), Judge Pregerson permitted ACCE to intervene in nearly identical circumstances to defend the City of Los Angeles' COVID-19 eviction ordinances. In granting ACCE's motion, which was opposed by plaintiff Apartment Association, the court held that ACCE had "adequately demonstrated a significant protectable interest relating to the Ordinances" and that "their interests are not adequately represented by either" the government defendants or the landlord association plaintiff. *Id.* at *3.

### A. ACCE Is Entitled To Intervene as a Matter of Right.

Federal Rule 24(a) of the Federal Rules of Civil Procedure is construed liberally in favor of intervenors, and the Court's decision is guided primarily by practical considerations rather than technical distinctions. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *United States v. City of Los Angeles*, 288 F.3d 391, 397–98 (9th Cir. 2002) (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (abrogated on other grounds)).

Federal Rule 24(a)(1) provides for intervention as of right when intervenors satisfy a four-part test: (1) the application for intervention is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the

disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Id.* at 818–19.

***First***, ACCE's motion is timely because this motion comes at "the very outset of litigation," filed less than a month after Plaintiff filed the complaint. *See W. States Trucking Ass'n v Schoorl*, No. 2:18-cv-1989-MCE-KJN, 2018 U.S. Dist. LEXIS 193481, at 3–4 (E.D. Cal. Nov. 13, 2018). Furthermore, there is no prejudice to either Plaintiff or the County Defendants, as neither party opposes ACCE's motion.

***Second***, ACCE has a significant protectible interest, as Judge Pregerson already held in the *Apartment Association* case. "An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). ACCE asserts a significant protectable interest in the ongoing applicability of the Ordinance's protections, which directly impact many of ACCE's tenant members. If Plaintiff were successful in enjoining the Ordinance, many of ACCE's members and the tenants they represent would lose the legal right to remain in their homes, be pushed into homelessness, and be exposed to greater risk from the COVID-19 virus. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001) ("The connection between this interest and the claims in the action is sufficiently clear because the [agreement creating protective policies] is threatened."). This is more than sufficient to satisfy Federal Rule of Civil Procedure 24(a)(1). *See Apartment Ass'n,* 2020 WL 4501792, at *2 (concluding that ACCE "lay[s] claim to a legally protected property interest in remaining in their homes" and "therefore ha[s] adequately demonstrated a significant protectable interest relating to the Ordinances").

5
MEMORANDUM OF POINTS AND AUTHORITIES ISO UNOPPOSED MOTION TO INTERVENE
CASE NO. 21-CV-0912-L-DEB

***Third***, ACCE's interests "would be substantially affected in a practical sense by the determination made in [this] action." Fed. R. Civ. P. 24, advisory committee notes. A judgment for Plaintiff would potentially eliminate the rights secured by the Ordinance, and therefore force ACCE's members to face the prospect of eviction in the middle of a pandemic and economic and housing crisis. *See California ex rel. Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006) ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it.").

***Fourth***, ACCE's interests are not adequately protected by the existing parties to this action. There are three factors determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervener's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervener would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)). "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use*, 647 F.3d at 898. (quoting *Arakaki*, 324 F.3d at 1086).

ACCE represents an interest distinct from, and is differently situated than, County Defendants. It is far from certain that Defendants will make all of Proposed Intervenor's arguments; indeed, Defendants may lack the information to do so. ACCE represents many of San Diego's most vulnerable tenants, primarily Latine and Black individuals and families at the lowest income levels, who are particularly likely to be harmed if the Ordinance is struck down by this Court. The views and circumstances of these tenants cannot be adequately represented or expressed by the County Defendants, who work on behalf of all San Diego residents—both landlord members associated with Plaintiff and tenant members associated with ACCE.

While the County Defendants must balance multiple interests and strike compromises, the stakes here are far higher for ACCE's members, who fear imminent loss of their homes and exposure to COVID-19.

### B. In the Alternative, ACCE Meets the Standards for Permissive Intervention.

In the alternative, Proposed Intervenors move for permissive intervention under Federal Rule of Civil Procedure Rule 24(b)(1)(B). The Ninth Circuit applies three threshold requirements to a motion for permissive intervention: (1) the intervenor's claim must share a common question of law or fact with the main action; (2) the motion must be timely; and (3) the court must have an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Permissive intervention is in the "broad discretion of the district court." *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

All of these requirements are satisfied here. Intervenor seeks to litigate the lawfulness and ongoing enforceability of the Ordinance, the motion is timely, and standing is not required where, as here, an intervenor seeks only to respond to the claims advanced by Plaintiff. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844–45 (9th Cir. 2011); *see also Apartment Ass'n*, 2020 WL 4501792, at *3 ("[T]his Court enjoys broad discretion to grant permissive intervention. . . . [I]n the absence of a right to intervene, [this Court would] grant Proposed Intervenors"—including ACCE—"permission to intervene as defendants in this case.").[2]

In addition to satisfying the Rule 24(b) requirements for intervention as of right and permissive intervention, ACCE offers a valuable perspective in this

---

[2] If it were necessary, however, ACCE easily satisfies Article III standing requirements because ACCE is a membership organization with tenants who will are directly impacted by the Ordinance, and thus would otherwise have standing to sue in their own right. *See Presidio Golf Club v. Nat'l Park Serv.*, 155 F.3d 1153, 1159 (9th Cir. 1998).

litigation. As a membership organization comprised of thousands of vulnerable tenants in San Diego, ACCE has access to facts and evidence about the impact of the Ordinance that Defendants do not. *See, e.g.*, Martinez Decl. To the extent this Court considers Plaintiff's request for injunctive relief, the Court will need to balance the equities, including a fact-intensive evaluation of what harm would result if the Ordinances were enjoined. The Court will be aided by the perspective of ACCE's tenant members, who have the most at stake in this matter.

## IV. CONCLUSION

ACCE respectfully requests that this Court grant the unopposed motion to intervene as a matter of right or, alternatively, permissively.

//

//

Dated: May 28, 2021

LEGAL AID SOCIETY OF SAN DIEGO, INC.

By:/s/        *Joanne L. Franciscus*
   Joanne L. Franciscus
   110 S. Euclid Ave.
   San Diego, California 92114
   Telephone:    (877) 534-2524 x2663
   Facsimile:    (619) 263-5697
   Email:        JoanneF@lassd.org

WESTERN CENTER ON LAW AND POVERTY

   Nisha N. Vyas
   Lorraine López
   Richard A. Rothschild
   3701 Wilshire Blvd. #208
   Los Angeles, CA 90010
   Telephone:   (213) 487-7211
   Facsimile:   (213) 487-0242
   Email:       nvyas@wclp.org
                rrothschild@wclp.org


Attorneys for Intervenor-Defendants,
ALLIANCE OF CALIFORNIANS FOR
COMMUNITY EMPOWERMENT ACTION