# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA RENTAL HOUSING ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF SAN DIEGO, BOARD OF SUPERVISORS OF THE COUNTY OF SAN DIEGO,<br><br>Defendant. | Case No. 3:21cv912-L-DEB<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME AND TEMPORARY RESTRAINING ORDER [ECF NO. 8]** |

Pending before the Court is Plaintiff's Ex Parte Application for (1) Order Shortening Time to Brief and Hear Motion for Preliminary Injunction and (2) Temporary Restraining Order. [ECF No. 8, ("Mot.").] Plaintiff Southern California Rental Housing Association ("SCRHA" or "Plaintiff") challenges the eviction moratorium imposed by Ordinance 10724 which was enacted by County Defendants ("County") on May 4, with an effective date of June 3. The County filed an Objection to the Motion. [ECF No. 9.]

**I.  Factual Background**

The Ordinance states, in relevant part, that no owner may "lawfully terminate a residential tenancy" without "just cause." Except for "just cause," owners are prohibited from the following actions to recover possession of their property:

> 1) "Serve a notice of termination of tenancy"; 2) "File or serve an unlawful detainer lawsuit, ejectment action, or other action to recover possession of a residential unit"; 3) "Evict a tenant or require a Tenant to vacate a residential unit," including enforcing final court judgments authorizing repossession of said unit; 4) "Take any other action in reliance on a notice of termination of tenancy that expired during the Local Emergency [defined as "any period of local emergency declared by the County of San Diego in response to the COVID-19 pandemic"] or attempt to induce a tenant to vacate based on such notice"; 5) "Represent to a Tenant that [he] is required to move out of their unit by law."

Ordinance § 3(c).

"Just cause" requires "a showing that the Tenant is an imminent health or safety threat." Ordinance § 3(b). "Imminent health or safety threat" is defined as: "a hazard to the health or safety of other tenants or occupants of the same property, taking into account (1) the risk of potential spread of coronavirus caused by the eviction, in case of a Local Emergency due to COVID-19, (2) any public health or safety risk caused by the eviction, and (3) all other remedies available to the landlord and other occupants of the property, against the nature and degree of health and safety risk posed by the tenant's activity." Ordinance § 2(b).

SCRHA is a membership-based trade association located in Southern California that serves to protect and advocate for the rights of rental housing owners. (Mot at 11). Prior to the Ordinance's enactment, SCRHA provided comments to the San Diego County Board of Supervisors recommending the Board reject adoption of the moratorium. (*Id*. at 12). SCRHA asserts that individual members including Michael and April Solis, and Irma Pintor, among others, are "suffering mental and emotional anguish because of the moratorium, as they face problematic tenants who

are damaging property, creating nuisances, and disturbing the peace and quiet enjoyment that good tenants are entitled to." (*Id*. at 14).

## II. Legal Standard

Rule 65 of the Federal Rules of Civil Procedure authorizes Temporary Restraining Orders (TRO). The purpose of a TRO is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc., v. Bhd. Of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974). The standard to obtain a TRO is the same as that to obtain a preliminary injunction. *See Graham v. Teledyne-Continental Motors, Div. of Teledyne Indus., Inc*., 805 F.2d 1386, 1388 (9th Cir.1986).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 24 (2008). "A preliminary injunction may only be granted if the moving party made a "clear showing" of entitlement to relief. *Id.* at 22. The requirement for substantial proof in support of a preliminary injunction is "much higher" than the proof necessary to overcome a summary judgment motion. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The same requirements must be met to issue a temporary restraining order. *See Graham*, 805 F.2d at 1388.

> [T]he elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. [The Ninth] circuit has adopted and applied a version of the sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor. That test was described in this circuit as one alternative on a continuum.

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

"In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24. "[P]laintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction." *Cottrell*, 632 F.3d at 1135. "[A] preliminary injunction will not be issued simply to prevent the *possibility* of some remote future injury." *Winter*, 555 U.S. at 22 (emphasis added).

The public interests implicated by the motion for preliminary injunction are weighed. *Cottrell*, 632 F.3d at 1138. A preliminary injunction cannot be granted unless the public interests in favor of issuing preliminary injunctive relief outweigh the interests against it. *Id.* "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24.

### III. Discussion

Plaintiff has failed to meet its burden to show it will suffer irreparable harm if the Court does not issue injunctive relief regarding the Ordinance before completion of briefing on Plaintiff's pending motion for preliminary injunction. (*See* ECF no. 7.) The Ordinance is set to become effective on June 3, and the hearing date for the preliminary injunction is set for June 21.

Plaintiff contends that any suspension of a persons' contractual and property rights under the Constitution is considered irreparable harm. (Mot. at 27). Additionally, Plaintiff argues that "immediate and psychological injury" establishes irreparable harm. (*Id.*)

While "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury,'" the case Plaintiff cites does not

support its argument that contractual and property rights are included under this umbrella. *See Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012)(affirming preliminary injunction prohibiting the Defendants from detaining any individual based only on knowledge or reasonable belief, without more, that the person is unlawfully present within the United States). Plaintiff has not demonstrated how it will suffer irreparable harm during the 18 days between the enactment of the Ordinance and the hearing date for the preliminary injunction. Any financial harm may be recompensed, if it can be proven.

Further, Plaintiff cites no binding support for its contention that emotional and mental suffering constitute irreparable harm warranting a temporary restraining order. Plaintiff cites *Chalk v. U.S. District Court*, 840 F.2d 701 (9th Cir. 1988). In *Chalk,* the plaintiff, a teacher, was awarded a TRO after being removed from the classroom after he contracted AIDS. *Id*. at 703. The Ninth Circuit found that "plaintiff is not claiming future monetary injury; his injury is emotional and psychological—and immediate," a factor the Court considered in granting a TRO. *Id*. at 710. While the named members of Plaintiff's organization have undoubtedly experienced frustration and mental stress, Plaintiff has not demonstrated that they have suffered emotional harm as a result of the Ordinance which has not yet gone into effect. Any emotional harm they are suffering can only be caused by the existing limitations on rental, not the Ordinance in question.

Temporary restraining orders are reserved for emergency relief. The Ordinance was first read to the public on April 6, 2021, and was enacted on May 4, 2021. (*See* ECF no. 1, "Compl." at 2, 6-7.) Even before that date, Plaintiff was aware of the County's consideration of the Ordinance, as it had objected to it on April 6. (*Id.* at 9). Furthermore, Plaintiff knew that the Ordinance would become effective on June 3, 2021. (*Id.)* Plaintiff has provided no reason why it waited under May 27, 2021, to file its Motion for emergency relief.

Because Plaintiff has failed to carry its burden to show its members have suffered any irreparable harm as a result of the Ordinance, the Court need not consider the remaining elements Plaintiff must establish to warrant a TRO. Plaintiff's request for a TRO is denied. For the same reasons, Plaintiff's request for an order shortening time on its pending motion for preliminary injunction is also denied.

**IV. Conclusion**

Plaintiff's Motion is denied.

**IT IS SO ORDERED.**

Dated: June 1, 2021

_____
Hon. M. James Lorenz
United States District Judge